IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JOY WALKER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:20-cv-00342 |
| ) | Judge Aleta A. Trauger |
| KILOLO KIJAKAZI,[1] ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

### MEMORANDUM AND ORDER

Plaintiff Joy Walker brings this action under 42 U.S.C. §§ 405(g) and 1383(c)(3), seeking judicial review of the Social Security Commissioner's denial of her application for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") as provided under Titles II and XVI, respectively, of the Social Security Act.

On July 15, 2021, the magistrate judge issued a Report and Recommendation ("R&R") (Doc. No. 26), recommending that the plaintiff's Motion for Judgment on the Administrative Record (Doc. No. 23) be denied and that the decision of the Social Security Administration ("SSA") be affirmed. The plaintiff has filed timely Objections (Doc. No. 27),[2] to which the SSA has responded (Doc. No. 28).

This Memorandum and Order presumes familiarity with the background facts as set forth

---

[1] Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Kilolo Kijakazi is substituted for former Commissioner Andrew Saul as the defendant in this lawsuit.

[2] The Magistrate Judge recommends affirming the denial of DIB on the basis that the plaintiff failed to present evidence that her disability began on or before her date last insured, December 31, 2014. The plaintiff does not object to that conclusion, but she does appeal the denial of SSI.

in the Administrative Record (AR) (Doc. No. 21) and in the R&R. For the reasons discussed herein, the court will overrule the plaintiff's Objections, accept the R&R, deny the plaintiff's motion, and affirm the SSA's decision.

I.     **STANDARD OF REVIEW**

When a magistrate judge issues a report and recommendation regarding a dispositive pretrial matter, the district court must review *de novo* any portion of the report and recommendation to which a proper objection is made. Fed. R. Civ. P. 72(b)(1)(C); 28 U.S.C. § 636(b)(1)(C); *United States v. Curtis*, 237 F.3d 598, 603 (6th Cir. 2001); *Massey v. City of Ferndale*, 7 F.3d 506, 510 (6th Cir. 1993). Objections must be specific; a general objection to the R&R is not sufficient and may result in waiver of further review. *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995). In conducting its review of the objections, the district court "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

In Social Security cases under Title II or Title XIV, the Commissioner determines whether a claimant is disabled within the meaning of the Social Security Act and, as such, entitled to benefits. 42 U.S.C. §§ 1383(c), 405(h). The court's review of the decision of an administrative law judge ("ALJ") is limited to a determination of whether the ALJ applied the correct legal standards and whether the findings of the ALJ are supported by substantial evidence. *Miller v. Comm'r of Soc. Sec.*, 811 F.3d 825, 833 (6th Cir. 2016) (quoting *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 405 (6th Cir. 2009)); *see* 42 U.S.C. § 405 (g) (2012) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive."). The substantial evidence standard is met if a "reasonable mind might accept the relevant evidence as adequate to support a conclusion." *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir.

2004) (internal citations omitted). "The substantial evidence standard . . . presupposes that there is a zone of choice within which the decision makers can go either way, without interference by the courts." *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009) (quoting *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986)). "Therefore, if substantial evidence supports an ALJ's decision, the court defers to that finding, 'even if there is substantial evidence in the record that would have supported an opposite conclusion.'" *Id.* (quoting *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)).

**II.    DISCUSSION**

The Administrative Law Judge (ALJ) who conducted a hearing in the plaintiff's case conducted the five-step sequential analysis required by the Social Security Regulations and concluded, at step four, that the plaintiff's osteoarthritis in both knees constituted a "severe" impairment but that she had the residual functional capacity (RFC) to perform light work as defined in 20 C.F.R. § 404.1567(b) and 416.967(b), except that she can stand and/or walk for no more than four hours in an eight-hour work day and can only occasionally perform postural activities, and she can never kneel, crawl, or climb ladders and must avoid concentrated exposure to extreme temperatures, vibrations, and hazards. (AR 15, 16.) Based on this RFC, the ALJ concluded that the plaintiff was capable of performing her past relevant work as an office manager and, therefore, was not disabled. (AR 22.)

The R&R recommends affirming that decision, and the plaintiff posits two objections to the R&R: (1) that the Magistrate Judge erred in concluding that the ALJ adequately assessed the plaintiff's subjective complaints; and (2) that the Magistrate Judge erred in finding that the ALJ adequately supported his decision with opinion evidence and developed the record concerning the plaintiff's condition in 2019. The court has conducted a *de novo* review of the Administrative

Record in light of these objections.

Under the first objection, the plaintiff explains that she "disagrees" with the Magistrate Judge's finding that the plaintiff's alleged inability to afford recommended steroid injections was not "inextricably linked" to her documented inability to afford additional imaging of her knee; her finding that any error in that regard was harmless anyway; and her failure to address the plaintiff's contention that her "symptoms may have plateaued, permitting a non-working person to forego expensive treatment." (Doc. No. 27, at 1–2.)

The plaintiff does not address—or object to—the Magistrate Judge's primary finding regarding the plaintiff's claim that she was unable to afford recommended treatment (specifically, steroid injections): that claimants who allege that they forewent recommended treatment based on economic hardship "must present evidence that they sought (and were denied) treatment due to financial reasons." (Doc. No. 26, at 11 (quoting *Prince v. Saul*, No. 1:19-CV-317, 2021 WL 1108583, at *4 (E.D. Tenn. Mar. 23, 2021)).) The plaintiff bears the burden of identifying additional evidence showing that she was unable to afford the injections, *Tollison v. Colvin*, No. 2:12-cv-0004, 2014 WL 2864204, at *7 (M.D. Tenn. June 24, 2014), and the R&R correctly notes that she has not done so, as a result of which the court "cannot reasonably conclude that the ALJ erred by relying on Plaintiff's failure to obtain such treatment to find that her allegations were not entirely consistent with the medical evidence." (*Id.* (citing *Strong v. Soc. Sec. Admin.*, 88 F. App'x 841, 846 (6th Cir. 2004) ("[W]hen a claimant alleges pain so severe as to be disabling, there is a reasonable expectation that the claimant will seek examination or treatment. A failure to do so may cast doubt on a claimant's assertions of disabling pain.")).) Because the record fully supports the Magistrate Judge's conclusion in that regard, the court has no need to address the plaintiff's objection to the alternative finding that, even if the ALJ erred in failing to specifically consider the

plaintiff's financial situation in assessing the consistency of her allegations, such purported error was harmless in light of the other substantial evidence in the record supporting his findings.[3]

The plaintiff's argument that the ALJ should have considered whether the plaintiff's symptoms may have "plateaued," thus justifying her decision to forego expensive treatment, is likewise misplaced: the plaintiff has not shown that she was unable to afford steroid injections, and the ALJ was not unreasonable in concluding that, if the plaintiff was experiencing disabling pain, she would have pursued further treatment. *Strong*, 88 F. App'x at 846. The plaintiff's first objection is without merit and will be overruled.

In support of her second objection, the plaintiff states as follows:

> Plaintiff respectfully disagrees with Magistrate Judge Holmes' conclusion that the diagnostic labels used by the consultative examiner were irrelevant. The consultative examiner did not see fit to diagnose Plaintiff's knee issue as significant enough to warrant a diagnosis, even a simplistic diagnosis of knee pain. The minimalistic exam notation does nothing to suggest that the consultative examiner had the chance to observe Plaintiff's knee in the levels of pain experienced later in the record.

(Doc. No. 27, at 2–3 (internal citations to the record omitted).)

The court understands the plaintiff to be objecting to the Magistrate Judge's rejection of the plaintiff's contention that the ALJ failed to account for alleged inconsistencies between the opinion of consultative examiner Roy Johnson, M.D. and the plaintiff's medical records, because Dr. Johnson's report specifically noted diagnoses of only low back syndrome and a history of gastric bypass surgery (AR 411–12), while the ALJ found her osteoarthritis of the knees to be her only "severe" impairment.

The court finds no error in the Magistrate Judge's treatment of this purported discrepancy.

---

[3] The court also finds, however, that other substantial evidence in the record supports the ALJ's conclusions.

As the R&R notes, "disability is determined by the functional limitations imposed by a condition, not the mere diagnosis of it." *Hill v. Comm'r of Soc. Sec.*, 560 F. App'x 547, 551 (6th Cir. 2014). The ALJ recognized that the plaintiff had been diagnosed with low back syndrome and had previously had a gastric bypass; he just did not find that these conditions constituted severe impairments. And Dr. Johnson, although he did not explicitly reference osteoarthritis of the plaintiff's knees as one of her diagnoses, based his recommendations as to her walking and standing limitations on the plaintiff's "knee crepitus and tenderness." (AR 412.) The ALJ considered all of the medical evidence in the record, including that adduced after Dr. Johnson rendered his opinion. He reasonably found that Dr. Johnson's opinion was consistent with the overall evidence in the record and was not contradicted by any other medical opinions in the record. In addition, the ALJ noted that the plaintiff was never placed on any physical restrictions by her treating practitioners and was consistently counseled to exercise regularly. (*See, e.g.*, AR 417.) The plaintiff's RFC took into account her osteoarthritis in both knees and is fully supported by the record. This objection, too, is without merit.

V. **CONCLUSION AND ORDER**

For the foregoing reasons, the plaintiff's Objections (Doc. No. 27) are **OVERRULED**, and the court **ACCEPTS and ADOPTS** the R&R (Doc. No. 26) in its entirety. Accordingly, the plaintiff's Motion for Judgment on the Administrative Record (Doc. No. 23) is **DENIED**, and the SSA's decision is **AFFIRMED**.

It is so **ORDERED**.

This Order constitutes the final Order in this case for purposes of Fed. R. Civ. P. 58.

_____
ALETA A. TRAUGER
United States District Judge